**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**AHAVA FOOD CORP.,**

                                   **Plaintiff,**

**-against-**                                 **7:04-CV-918**


**HEFESTUS, L.T.D.,**

                                   **Defendant.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**



                        **DECISION & ORDER**

     Plaintiff commenced this diversity action on August 3, 2004

asserting that the Defendant, "a corporation organized under the

laws of the nation of Israel," Compl. ¶ 2, sold Plaintiff defective

food packaging equipment. See generally, Compl. Presently before

the Court is Plaintiff's motion for default judgment pursuant to

FED. R. CIV. P. 55 seeking a judgment against Defendant in the

amount of $180,000.00. In support of the motion, Plaintiff's

counsel submits an affidavit asserting, *inter alia*, that

>      [t]he summons and complaint was [*sic*] served personally
>      on Hefestus L.T.D., on October 22, 2004.  The summons and
>      complaint were served in accordance with rules of the
>      court and the relevant international treaty.

Antonucci March 4, 2005 Aff., ¶ 6 [dkt. # 9].

     The Court notes that the Return of Service [dkt # 3], which

                                  1

was acknowledged before a Consular Officer in the United States
Embassy in the State of Israel, indicates only that the summons and
complaint were "[s]erved personally upon the defendant. Place where
served: Hefestus LTD at Kibuts Mishmarot."  There is no indication
who the summons and complaint were served upon at Hefestus LTD.
While counsel submitted an affidavit in support of the application
for entry of default that attested that the summons and complaint
were served upon "Rina, the secretary at Hefeustus [*sic*]," <u>see</u>
Antonucci 12/17/04 Aff. [dkt. # 4], there is no indication where
counsel gets this information or whether "Rina" is authorized to
accept service on behalf of the corporation.

   The Federal Rules of Civil Procedure provide that "service
upon a ... foreign corporation ... shall be effected ... (2) in a
place not within any judicial district of the United States in any
manner prescribed for individuals by subdivision (f) <u>except
personal delivery as provided in paragraph 2(C)(i) thereof</u>." Fed.
R. Civ. P. 4(h)(2)(emphasis added).  Unless the manner of service
in this case is pursuant to a "internationally agreed means
reasonably calculated to give notice," Fed. R. Civ. P. 4(f)(1),
service would appear to be in violation of Rule 4(h)(2).  Yet,
despite counsel's contention that service was in accordance with
"rules of the court and the relevant international treaty," there
is no indication what "rules of the court" or what "international
treaty" he refers to in this regard.

Given that the docket indicates that on December 28, 2004 (eleven (11) days after the Clerk made an entry of default on the record), Magistrate Judge Lowe rejected a document filed by Defendant, prudence dictates that the motion for a default judgment be denied with leave to renew.  On the renewed motion, Plaintiff's counsel can give a more thorough account of the manner of service and identify more specifically the law and treaty that Plaintiff contends governs this case.

Therefore, the motion for a default judgment is denied with leave to renew.

**IT IS SO ORDERED**

DATED:April 12,2005

Thomas J. McAvoy
Senior, U.S. District Judge